USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, THE CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK, and the NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

                                Petitioners,

            -against-

BUILDTASK, LLC D/B/A/ POSITIVE ID,

                               Respondent.
------------------------------------------------------------X

21-CV-2260 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       Petitioners New York City District Council of Carpenters and trustees for the union's employee benefit funds seek confirmation of an arbitration award entered against Respondent Buildtask, LLC, as well as attorneys' fees, costs, and post-judgment interest, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  For the reasons stated below, the petition is GRANTED.

## BACKGROUND

       Petitioners seek to enforce an arbitration award of $692,120.39, plus interest, attorneys' fees, and costs, against Buildtask, LLC, entered pursuant to the parties' applicable Collective Bargaining Agreement ("CBA").  Pet. ¶¶ 1, 30, Dkt. 1; 2011–2015 CBA, Dkt. 1-2; 2017–2024 CBA, Dkt. 1-3.  On or about March 11, 2009, Respondent entered into an agreement with the

United Brotherhood of Carpenters and Joiners of America (the "International Agreement"), under which Respondent became bound to the applicable local CBA. Pet. ¶¶ 9–10; International Agreement, Art. II, Dkt. 1-1. The International Agreement provided that it would automatically renew three years from the date of execution and continue to renew for subsequent three-year periods unless either party gave the other written notice to terminate. Pet. ¶ 11; International Agreement, Art. VIII. Neither party to the agreement provided written notice to terminate. Pet. ¶ 12. Consequently, Respondent remains bound by the International Agreement and the applicable local CBA. Id. Respondent was initially bound by the Independent Building Construction Agreement (the "2011–2015 CBA"), in effect between July 1, 2011, and June 30, 2015, and thereafter renewing automatically for one year intervals; presently, Respondent remains bound to its successor agreement, effective between July 1, 2017, and June 30, 2024 (the "2017–2024 CBA") (together with the 2011–2015 CBA, "the CBAs"). Id. ¶¶ 13–14; 2011–2015 CBA; 2017–2024 CBA.

The CBAs require Respondent to contribute to a set of fringe benefit funds (the "Funds") for each hour worked by a covered union employee and allow the Funds to audit Respondent to ensure compliance with its fund contribution obligations. Pet. ¶¶ 15–16; 2011–2015 CBA, Art. XV § 1; 2017–2024 CBA, Art. XV § 1. The CBA further requires arbitration of any disputes over such contributions; arbitration can result in an award of unpaid contributions, interest, liquidated damages, attorneys' fees, costs, and other relief. Pet. ¶¶ 20–22; 2011–2015 CBA, Art. XV §§ 6–7;[1] 2017–2024 CBA, Art. XV §§ 6–7. The CBAs bind employers to the Funds' policies, Pet. ¶ 17; 2011–2015 CBA, Art. XV § 3; 2017–2024 CBA, Art. XV § 3, including the

---

[1] Article XV, Section 6 of the 2011–2015 CBA refers to "proceedings . . . instituted before an arbitrator under Section 14 of this Article," but there is no Section 14 in Article XV. This appears to be a typo and was instead meant to cross-reference Section 7, which is the arbitration clause.

Funds' Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"), Pet. ¶ 18; Collection Policy, Dkt. 1-4.

Respondent failed to provide its books and records for an audit covering the period from January 1, 2013, through the date of filing. Pet. ¶¶ 25–26. Consequently, in accordance with the Collection Policy's procedures, the Funds determined that Respondent owed an estimated principal deficiency of $461,537.25. *Id.* ¶¶ 24, 27; *see* Collection Policy § 4(12).

As a result of Respondent's failure to comply, Petitioner initiated arbitration pursuant to the CBAs' arbitration clause. Pet. ¶ 28. On January 8, 2021, the arbitrator found that Respondent had violated the CBAs when it failed to permit the Funds to audit Respondent's books and records and ordered Respondent to pay $692,120.39, consisting of: (1) an estimated principal deficiency of $461,537.25; (2) interest of $135,375.69; (3) liquidated damages of $92,307.45; (4) court costs of $400; (5) attorneys' fees of $1,500; and (6) the arbitrator's fee of $1,000. *See id.* ¶¶ 29–30; Award at 2–3, Dkt. 1-6. Payment of the arbitrator's award remains outstanding, and the Award has not been vacated or modified. Pet. ¶¶ 31–32.

On March 16, 2021, trustees of the Funds filed a Petition with this Court to confirm the Award. *See* Pet. Respondent has failed to respond to the Petition, despite having been served with a Summons and a copy of the Petition on April 26, 2021. *See* Dkt. 7.

## DISCUSSION

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the

award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id*. The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Id.* (cleaned up). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Loc. 97, Int'l Brotherhood of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citing *Misco*, 484 U.S. at 38).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be confirmed. *D.H. Blair & Co*, 462 F.3d at 109–10. But if the evidence submitted in support of the petition "does not meet the movant's burden of production," then the petition to

confirm arbitration must be denied "*even if no opposing evidentiary matter is presented.*" *Id.* at 110 (quotation omitted).

The Court has reviewed Petitioners' submissions and finds that they have met their burden of production, and the undisputed facts show that the arbitrator's award was properly within the scope of his authority. Petitioners' motion is granted, and the award is confirmed.

Petitioners also seek reimbursement for attorneys' fees and costs. Pet. ¶¶ 34–42. Courts may award attorneys' fees in successful petitions to confirm arbitration awards "when a challenger refuses to abide by an arbitrator's decision without justification." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

The Court finds that an award of fees and costs is justified. Respondent failed to participate in the arbitration proceeding, Award at 2, failed to participate in the instant matter, and has not paid the arbitration award, Pet. ¶ 31. Additionally, the CBAs and Collection Policy entitle Petitioners to reasonable attorneys' fees and costs incurred in collecting delinquent contributions. *See* Pet. ¶¶ 34–35; Collection Policy § V(6)–(7); 2011–2015 CBA, Art. XV § 6(a); 2017–2024 CBA, Art. XV § 6(a). Petitioners seek $595 in attorneys' fees for 1.7 hours of work, along with $77 for service fees. Pet. ¶¶ 40–42; Att'y Invoice, Dkt. 1-7. The Court finds these amounts entirely reasonable and awards Petitioners $672 for attorneys' fees and costs.

## CONCLUSION

For the forgoing reasons, the petition to confirm the arbitration award is GRANTED. The Court awards judgment in Petitioners' favor in the amount of $692,120.39, plus 5.25% prejudgment interest from January 8, 2021, to the date of Judgment, an additional $672 for

attorneys' fees and costs related to this action, and post-judgment interest at the statutory rate, 28 U.S.C. § 1961, until the judgment is paid.

The Clerk is further directed to terminate all open motions and to close the case.

**SO ORDERED.**

Date:  August 10, 2021
   New York, New York

                 **VALERIE CAPRONI**
                 **United States District Judge**